**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

IN RE:                                                          :
                                                               :
IN THE MATTER OF                            :            CIVIL ACTION NO. 24-CV-739
2020 RANGE ROVER MP                     :
VIN: SALWR2SE0LA728087              :

<u>**VERIFIED COMPLAINT FOR FORFEITURE IN REM**</u>

NOW INTO COURT COMES Plaintiff, United States of America, by and through undersigned counsel, who alleges the following:

<u>**NATURE OF THE ACTION**</u>

1.      This is a civil action *in rem* to forfeit to the United States a 2020 Land Rover, Model Range Rover MP, VIN: SALWR2SE0LA728087, which represents property derived from proceeds traceable to a violation of wire fraud, in violation of 18 U.S.C. § 1343, and representing property involved in a transaction in violation of money laundering, in violation of 18 U.S.C. § 1957, or property traceable to such property.   Therefore, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C), the defendant property is subject to forfeiture to the United States of America.

2.      The defendant property was seized, pursuant to a federal seizure warrant, on or about April 11, 2024, in Baton Rouge, Louisiana, and is currently in the custody of the United States Department of Treasury.

<u>**JURISDICTION AND VENUE**</u>

3.      The United States brings this action in rem in its own right to forfeit and condemn the defendant property.  This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4.      This Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b).  Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the United States will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(b) & (c).

5.      Venue is proper in this district, pursuant to 28 U.S.C. § 1355(b)(1), because acts or omissions giving rise to the forfeiture occurred in this district, pursuant to 28 U.S.C. § 1395.

## THE DEFENDANT IN REM

6.      The defendant property consists of the following:

> 2020 Land Rover, Model Range Rover MP, VIN: SALWR2SE0LA728087, seized on or about April 11, 2024, in Baton Rouge, Louisiana (hereinafter referred to as the "defendant property").

## FACTS

*Small Business Administration - Economic Injury Disaster Loan*

7.      In March 2020, the Coronavirus Aid, Relief, and Economic Security (CARES) Act was passed and signed into law.  This economic relief package included assistance for small businesses.

8.      In response to the Coronavirus (COVID-19) pandemic, small business owners and non-profit organizations in all U.S. states, Washington D.C., and territories were able to apply for an Economic Injury Disaster Loan (EIDL).  EIDL benefits are designed to provide economic relief to businesses that are currently experiencing a temporary loss of revenue due to the Covid-19 pandemic.  EIDL benefits and proceeds can be used by businesses to cover a wide array of working capital and normal operating expenses, such as continuation of health care benefits, rent, utilities, employee payroll, and other fixed debt payments.

9.      The EIDL is managed by the Small Business Administration (SBA).   Applicants for an EIDL must apply directly through the SBA. When applications are received by the SBA, the applications are reviewed, and if approved, funds are disbursed directly to the applicant's bank account.

10.      Before an applicant can receive EIDL funds, they have to sign a loan agreement, agreeing to be bound by the terms and conditions of the loan agreement.   One of the conditions of the loan agreement is that the borrower will use all the proceeds of the loan solely as working capital to alleviate economic injury caused by disaster occurring in the month of January 31, 2020 and continuing thereafter.   The borrower also certifies that all representations made in the loan application are true and correct.   Additionally, the borrower is notified that any false statements or misrepresentations to the SBA may result in criminal, civil, or administrative sanctions.

*EIDL Application for Personal Touch Healthcare Services*

11.      According to the Louisiana Secretary of State's corporations database, Personal Touch Healthcare Services, LLC, was registered in May 2012.   The registered agent and only listed officer was Leslie Henry.   The domicile address for the company was listed as 230 Veterans Blvd., Suite B, Denham Springs, Louisiana.

12.      On April 9, 2020, an EIDL application was submitted in the name of Personal Touch Healthcare Services.   The application claimed that Personal Touch Healthcare Services earned approximately $1.3 million in gross revenue between January 31, 2019, and January 31, 2020, and incurred $450,000 in costs of goods sold for the same period, resulting in a gross profit of about $850,000.   The application further claimed that Leslie Wilson was the sole owner of Personal Touch Healthcare Services and that the company employed 85 people as of January 31, 2020.

13.     On June 15, 2020, Leslie Wilson signed the SBA Loan Authorization and Agreement on behalf of, and as the Owner/Officer of, Personal Touch Healthcare Services, LLC.

14.     On June 19, 2020, loan proceeds in the amount of $149,900.00 were deposited into a bank account in the name of Personal Touch Healthcare Services, which account was solely owned by Wilson.   On the same day, $150,000.00 was transferred from this account to a bank account in the name of Personal Touch Respite Center.

*EIDL Application for Personal Touch Respite Center*

15.     According to the Louisiana Secretary of State's corporations database, Personal Touch Respite Center, LLC, was registered in January 2014.   The registered agent and only listed officer was Leslie Henry.   The domicile address for the company was listed as 1950 Florida Blvd., Denham Springs, Louisiana.

16.     On April 9, 2020, an EIDL was submitted in the name of Personal Touch Respite Center.   The application claimed that Personal Touch Respite Center earned $253,614 in gross revenue between January 31, 2019, and January 31, 2020, and incurred $75,500 in costs of goods sold for the same period, resulting in a gross profit of about $178,000.   The application further claimed that Leslie Wilson was the sole owner of Personal Touch Respite Center and the company employed 14 people as of January 31, 2020.

17.     On June 15, 2020, Leslie Wilson signed the SBA Loan Authorization and Agreement on behalf of, and as the Owner/Officer of, Personal Touch Respite Center.

18.     On June 19, 2020, loan proceeds in the amount of $79,000.00 were deposited into a bank account in the name of Personal Touch Respite Center, which account was solely owned by Wilson.   On the same day, this account received a deposit in the amount $150,000.00 from the bank account in the name of Personal Touch Healthcare Services.

19.	On June 23, 2020, Leslie Wilson withdrew $116,700.00 from the bank account in the name of Personal Touch Respite Center and purchased a cashier's check in the amount of $116,700.00 made payable to Paretti Jaguar Land Rover.   This payment was for the purchase of the defendant property and for the payoff amount on a GMC Yukon Denali, which was traded in.

*Seizure Warrant*

20.	On April 9, 2024, Magistrate Judge Richard L. Bourgeois, Jr., signed a seizure warrant, authorizing the seizure of the defendant property.   The defendant property was seized by the Internal Revenue Service and is currently in the custody of the United States Department of Treasury.

21.	The defendant property is believed to be the proceeds of a wire fraud offense because several false representations were made via wire in the EIDL applications including agreeing to use the EIDL proceeds solely as working capital to alleviate economic injury caused by the COVID-19 pandemic

22.	The defendant property is also believed to be the proceeds of a money laundering offense because the defendant property was derived from a specified unlawful activity that involved a monetary transaction over $10,000.00.

## **LAW**

23.	18 U.S.C. § 981(a)(1)(A) provides that the following shall be subject to forfeiture to the United States:

> "Any property, real or personal, involved in a transaction or attempted transaction in violation of section . . . 1957 . . . of this title, or any property traceable to such property."

24.	18 U.S.C. § 981(a)(1)(C) provides that the following shall be subject to forfeiture to the United States:

"Any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title) . . . ."

## BASIS FOR FORFEITURE

25.    The defendant property is subject to forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C), because it represents property derived from proceeds traceable to a violation of a wire fraud offense, and represents property involved in a transaction or property derived from proceeds traceable to a violation of money laundering.

## CLAIM FOR RELIEF

26.    Based on the facts set forth and incorporated herein, the defendant property should be properly condemned and forfeited to the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C).

WHEREFORE, the plaintiff requests that the Court issue a warrant and summons for the arrest and seizure of the defendant property; that notice of this action be given to all persons known or thought to have an interest in or right against the defendant property; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs

and disbursements in this action; and that the Court award the plaintiff such other and further relief

as this Court deems proper and just.

UNITED STATES OF AMERICA, by

RONALD C. GATHE, JR.
UNITED STATES ATTORNEY


/s/ J. Brady Casey
J. Brady Casey, LBN: 24338
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
E-mail: john.casey@usdoj.gov

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

IN RE:                                          :
                                                :
IN THE MATTER OF                                :          CIVIL ACTION NO. 24-CV
2020 RANGE ROVER MP                             :
VIN: SALWR2SE0LA728087                          :

## <u>VERIFICATION</u>

I, Lori H. Marable, hereby verify and declare under penalty of perjury that I am a Special

Agent with the Internal Revenue Service, Criminal Investigations, that I have read the foregoing

<u>Verified Complaint In Rem</u> and know the contents thereof, and that the matters contained in the

complaint are true to my own knowledge, except that those matters not within my own personal

knowledge are alleged on information and belief, and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official

files and records of the United States, information supplied to me by other law enforcement

officers, as well as my investigation of this case, together with other officers, as a Special Agent

with the Internal Revenue Service, Criminal Investigations.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated this ___ day of September, 2024.

*Lori H Marable*
_____
LORI H. MARABLE
Special Agent
Internal Revenue Service
Criminal Investigations
Atlanta Field Office